IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH MAURICE DEBERRY, | ) | Case No. 09-12428 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| LIVINGSTONE COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 10-02055 |
| v. | ) | |
| | ) | |
| JOSEPH MAURICE DEBERRY and | ) | |
| GOLDEN STUDENT HOUSING, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on February 17, 2011 for a pre-trial hearing on the Complaint filed by plaintiff Livingstone College, Inc. ("Livingstone") on November 9, 2010, and the Answer filed by defendant Golden Student Housing, LLC ("GSH") on February 8, 2011. At the hearing, Ronald L. Gibson appeared on behalf of Livingstone. No one appeared on behalf of GSH or the other defendant, the above-referenced debtor ("DeBerry"). Based upon a review of the pleadings, the evidence presented at the hearing, and a review of the entire official file, the Complaint will be dismissed for failure to state a claim for relief.[1]

---

[1] While the Complaint will be dismissed, Livingstone, having filed a proof of claim, remains a general unsecured creditor of DeBerry and is entitled to share in any distribution made to general unsecured creditors in the case. See 11 U.S.C. § 502(a). However, because Livingstone failed to state a claim for nondischargeability in its Complaint, Deberry's debt to Livingstone remains subject to discharge at the completion of the case.

**JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), which this Court has the jurisdiction to hear and determine.

**FACTS**

On November 9, 2010, Livingstone filed a Complaint in this adversary proceeding, captioned "Complaint to Determine Dischargeability of Debt." The Complaint alleges that Livingstone entered into a lease agreement with GSH in August 2008, regarding an apartment complex that Livingstone intended to use as additional student housing. The Complaint further alleges that DeBerry negotiated the lease with Livingstone, and that sometime in April 2009, Livingstone was contacted by someone claiming to be the owner and Manager of GSH, requesting that Livingstone pay the county property taxes due under the lease. The Complaint alleges that Livingstone then discovered that the copy of the lease that DeBerry submitted to GSH was different from the copy that Livingstone had executed. Livingstone claims that DeBerry substituted pages from the executed lease before delivering it to GSH to sign.

In the Complaint, Livingstone lists six "claims for relief:" (1) fraud; (2) breach of fiduciary duty; (3) constructive fraud; (4) unfair and deceptive trade practices; (5) punitive damages; and (6) declaratory judgment as to which version of the lease is enforceable. Livingstone requests the following relief:

1. The Plaintiff have a jury trial regarding the matters alleged herein;
2. The Plaintiff have a Declaratory Judgment as requested herein relating to the GSH Lease;
3. The Plaintiff recover damages from the Defendant DeBerry on each Claim for

>Relief relating to the GSH lease in excess of $10,000.00, to be determined by the jury;
>4. The Plaintiff recover punitive damages from the Defendant DeBerry relating to GSH lease in an amount to be determined by the jury;
>5. The Plaintiff recover treble damages and attorneys' fees from the Defendant DeBerry relating to the GSH lease under the North Carolina Unfair and Deceptive Trade Practices Act;
>6. The Plaintiff be awarded its reasonable costs and attorneys' fees;
>7. The costs of this action be taxed to Defendants; and
>8. The Plaintiff have such other and further relief as to the Court may seem proper.

Nowhere in its "Claims for Relief" or "Prayer for Relief" does Livingstone plead the elements of nondischargeability under Section 727 of the Bankruptcy Code nor does it request that DeBerry's debt to Livingstone be determined to be nondischargeable.

On February 8, 2011, GSH filed an Answer to the Complaint, seeking to "join in the plaintiff, Livingstone College, Incorporated Prayer for Relief" and further requesting "that Golden Student Housing LLC be granted non-dischargeability status as to the debtor Joseph Maurice DeBerry." No answer was filed by DeBerry.

At the pre-trial hearing held on February 17, 2011, the Court asked counsel for Livingstone why the Complaint should not be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a nondischargeability claim. Livingstone was given an opportunity to submit a brief in support of its arguments, and such a brief was filed on February 28, 2011.

## ANALYSIS

In a Chapter 7 case, a complaint objecting to the debtor's discharge must be filed within sixty days of the first day set for the meeting of creditors under Section 341(a). Fed. R. Bankr. P. 4004(a). Upon the filing of a motion, and after a hearing or the opportunity for one, a court may extend the time to file a complaint objecting to discharge. Fed. R. Bankr. P. 4004(b). However, the motion must be filed before the period expires. Id. While Livingstone timely filed its Complaint, the Complaint was deficient in that it failed to state a claim for relief as to the nondischargeability of

the debt in question.

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling her to relief, i.e., the "plausibility of 'entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557). Here, Livingstone did not include nondischargeability in its prayer for relief, nor did it plead any of the elements for the nondischargeability of a debt under Section 727 of the Bankruptcy Code. In fact, Livingstone's only reference to an action for nondischargeability was in the caption of the Complaint, which is certainly not enough to constitute an articulation of facts that demonstrate an entitlement to relief under Iqbal and Twombly.

While dismissing a complaint as to a non-moving defendant is not an ordinary practice, a court may dismiss claims sua sponte for failure to state a claim, so long as the plaintiff had notice and an opportunity to be heard on the issue. See, e.g., Erline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it."); see also Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994); Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988); Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 1357 (2010) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it

for failure to state a claim as long as the procedure employed is fair to the parties"). Here, Livingstone had an opportunity at the pre-trial hearing to address the deficiencies in the Complaint, and also had an opportunity to further brief the issues raised by the Court at the pre-trial hearing. Livingstone's arguments are unpersuasive. The Complaint does not state a claim for the nondischargeability of DeBerry's debt to Livingstone.

Next, the Court must consider whether it can extend the deadline for Livingstone to amend the existing complaint or to file a new complaint. The Supreme Court held in Bowles v. Russell, 51 U.S. 205, 210-211 (2007), and Kontrick v. Ryan, 540 U.S. 443, 454 (2004), that a time period prescribed by a court-promulgated rule, such as Rule 4004(a), does not affect a court's subject matter jurisdiction.[2] The Seventh Circuit has described the time limit in Rule 4004(a) as "akin to a statute of limitations." See Disch v. Rasmussen, 417 F.3d 769, 776 (7th Cir. 2005).

Rule 9006(b) generally allows a court to enlarge the time for taking action under the Federal Rules of Bankruptcy Procedure "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). However, Rule 9006(b)(1) is subject to paragraph (b)(3) of the rule, which limits the enlargement of certain periods. Pursuant to Rule 9006(b)(3), the time for filing a complaint objecting to a debtor's discharge under Rule 4004(a) may be enlarged "only to the extent and under the conditions stated" in that rule. Rule 4004(b) requires that a motion to extend time be filed before the period has expired. Here, Livingstone failed to file a motion requesting an extension of time, and the deadline to file a

---

[2]In Bowles, the Court noted that, unlike a statute-based filing period, a rule-based time limit, adopted for the orderly transaction of business, does not limit a court's jurisdiction and may be relaxed in the exercise of its discretion. 127 S. Ct. at 2365. In Kontrick, the debtor failed to comply with Rule 4004 when he challenged a creditor's objection to discharge after the court heard the case on the merits. 540 U.S. at 499-50. The debtor's failure to comply with the time limits did not affect the court's jurisdiction in part because the filing deadline was procedural rather than statutory. Id. at 448.

nondischargeability complaint has expired. Therefore, this Court has no authority to extend the period or to allow Livingstone to file an amended complaint.

## **CONCLUSION**

Livingstone's Complaint was captioned as an objection to DeBerry's discharge, but it failed to state a claim for which relief may be granted. Pursuant to Rule 12(b)(6) of the Federal Rules of Bankruptcy Procedure, the Court has no authority to extend the time for Livingstone to file a new or an amended complaint. Therefore, this adversary proceeding will be dismissed.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOSEPH MAURICE DEBERRY, ) | Case No. 09-12428 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| LIVINGSTONE COLLEGE, INC., ) | |
| ) | |
| Plaintiff, ) | Adv. No. 10-02055 |
| v. ) | |
| ) | |
| JOSEPH MAURICE DEBERRY and ) | |
| GOLDEN STUDENT HOUSING, LLC ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## PARTIES IN INTEREST

Ronald L. Gibson, Esq.

Joseph Maurice DeBerry

Kenneth M. Johnson, Esq.

Gerald S. Schafer, Esq., Trustee

Michael D. West, Esq., Bankruptcy Administrator