# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JOSEPH MAURICE DEBERRY, | ) | Case No. 09-12428 |
| Debtor | ) | Chapter 7 |
| _____ | ) | |
| LIVINGSTONE COLLEGE, INC., | ) | |
| Plaintiff, | ) | Adv. No. 10-02055 |
| v. | ) | |
| JOSEPH MAURICE DEBERRY and | ) | |
| GOLDEN STUDENT HOUSING, LLC | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on remand from the United States District Court for the Middle District of North Carolina. The issues for consideration on remand are whether the complaint filed by Livingstone College, Inc. ("Livingstone") properly states a claim for relief under Section 523 of the Bankruptcy Code for nondischargability of a debt owed by Joseph Maurice DeBerry ("DeBerry") and Golden Student Housing, LLC ("GSH") (together, the "Defendants"), and, if it does not, whether Livingstone's complaint may be amended under the applicable rules.

## I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District

1

Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in <u>Stern v. Marshall</u>, -- U.S. --, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

## II. FACTS

On November 9, 2010, Livingstone filed a Complaint in this adversary proceeding, captioned "Complaint to Determine Dischargeability of Debt" (the "Complaint"). The Complaint alleges that Livingstone entered into a lease agreement with GSH in August 2008 regarding an apartment complex that Livingstone wanted to use as additional student housing. The Complaint further alleges that DeBerry negotiated the lease with Livingstone, and that sometime in April of 2009, Livingstone was contacted by a person claiming to be the owner and manager of GSH, who requested that Livingstone pay the county property taxes due under the lease. The Complaint alleges that Livingstone then discovered that the copy of the lease that DeBerry submitted to GSH was different from the copy that Livingstone had executed. Livingstone claims that DeBerry substituted pages from the executed lease before delivering it to GSH to sign.

The Complaint lists six different claims for relief: (1) fraud; (2) breach of fiduciary duty; (3) constructive fraud; (4) unfair and deceptive trade practices; (5) punitive damages; and (6) declaratory judgment as to which version of the lease is enforceable. Livingstone requests the following specific relief:

1. The Plaintiff have a jury trial regarding the matters alleged herein;
2. The Plaintiff have a Declaratory Judgment as requested herein relating to the GSH Lease;
3. The Plaintiff recover damages from the Defendant DeBerry on each Claim

            for Relief relating to the GSH lease in excess of $10,000.00, to be determined by the jury;
4.     The Plaintiff recover punitive damages from the Defendant DeBerry relating to GSH lease in an amount to be determined by the jury;
5.     The Plaintiff recover treble damages and attorneys' fees from the Defendant DeBerry relating to the GSH lease under the North Carolina Unfair and Deceptive Trade Practices Act;
6.     The Plaintiff be awarded its reasonable costs and attorneys' fees;
7.     The costs of this action be taxed to Defendants; and
8.     The Plaintiff have such other and further relief as to the Court may deem proper.

Nowhere in the body of the Complaint or its prayer for relief did Livingstone seek the nondischargeability of a debt under Section 523 of the Bankruptcy Code or request that the alleged debt of DeBerry to Livingstone be found nondischargeable. Rather, nondischargeability is mentioned only in the title of the Complaint ("Complaint to Determine Dischargeability of Debt") and in paragraph 4 noting the Court's jurisdiction. Paragraph 4 merely mentions Section 523 broadly, without indicating any provision of Section 523 on which Livingstone might rely.

On February 8, 2011, GSH filed an Answer to the Complaint, seeking to "join in the plaintiff, Incorporated Prayer for Relief" and further requesting "that Golden Student Housing LLC be granted non-dischargeability status as to the debtor Joseph Maurice DeBerry." No answer was filed by DeBerry.

At the pre-trial hearing held on February 17, 2011, the Court asked counsel for Livingstone why the Complaint should not be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a nondischargeability claim. Livingstone was given an opportunity to submit a brief in support of its arguments, and such a brief was filed on February 28, 2011.

## III. ANALYSIS

It is an unmistakable "central purpose" of the Bankruptcy Code "to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" Grogan v. Garner, 498 U.S. 279, 286 (1991) (citing Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934)). This opportunity of a "fresh start" is limited to "the 'honest but unfortunate debtor.'" Id. at 286-87. To ensure that the Bankruptcy Code is limited as such, Congress provided statutory procedures through which the nondischargability of debts can be pursued. Id. at 287. In a Chapter 7 case, a court may find that a debt is nondischargeable under Section 523 or simply deny the debtor's entire discharge under Section 727.[1] Section 523 expressly allows a court to hold that particular debts of a debtor are nondischargeable.

In the Compliant, Livingstone implied but did not request the Court to find that a certain debt of DeBerry to Livingstone is nondischargeable pursuant to Section 523. Livingstone did not identify any of the nineteen enumerated subsections in Section 523 upon which it relies. Nevertheless, the allegations in the Complaint implicate DeBerry in fraudulent activity. The only subsections of Section 523 that could apply are subsections (a)(2) and (a)(4). Keeping in mind that the underlying purpose of the Bankruptcy Code is to provide a "fresh start" to a deserving debtor, the Court turns first to whether the Complaint sufficiently states a claim on which relief can be granted and finds that it does not. Next, the Court turns to whether Livingstone may seek an enlargement of time to

---

[1] Section 727 provides for the discharge of "all debts that arose before the date of the order for relief" unless the court finds the debtor engaged in certain enumerated activities meriting its denial. 11 U.S.C. § 727.

4

file a new complaint or have an amended complaint relate back to its original pleading date. Again, the answer is in the negative.

### I. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling her to relief, i.e., the "plausibility of 'entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557).

While dismissing a complaint as to a nonmoving defendant is not an ordinary practice, a court may dismiss claims sua sponte for failure to state a claim, so long as the plaintiff had notice and an opportunity to be heard on the issue. See, e.g., Erline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion but to dismiss it.' "); see also Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994); Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988); Leonhard v. U.S., 633 F.2d 599, 609 n.11 (2d Cir. 1980); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: § 1357 (2010) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties").

When a complaint alleges that a defendant engaged in fraudulent activity a heightened and more rigorous pleading requirement is triggered. FED. R. CIV. P. 9(b); FED. R. BANK. P. 7009. Rule 9(b)'s pleading requirement necessitates that the plaintiff plead the circumstances of the fraud with particularity to include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal citations omitted).

The overarching purpose of providing an honest debtor with a fresh start underlies any analysis as to whether a complaint seeking the nondischargeability of a debt sufficiently states a claim on which relief can be granted. When bringing such a claim, "exceptions to discharge should be construed strictly against the creditor and liberally in favor of honest debtors." In re Adkins, 183 B.R. 702, 705 (Bankr. M.D.N.C. 1995) (citing Combs v. Richardson, 838 F. 2d 112, 116 (4th Cir. 1988)). In this case, Livingstone did not include nondischargeability in its prayer for relief or plead any of the elements for the nondischargeability of a debt under any subsection of Section 523. In fact, Livingstone's only reference to an action for nondischargeability is in the caption of the Complaint, which is not enough to constitute an articulation of facts that demonstrate an entitlement to relief under the Iqbal/Twombly standard. Ordinarily a failure to cite statutory authority would not be fatal to a complaint where it otherwise has provided sufficient notice of the allegations. See U.S. v. Anudu, 77 F.3d 471 (4th Cir. 1996) (unpublished opinion) ("Where an indictment's text provides sufficient notice of a charge, failure to cite the appropriate statute does not render it ineffective."); Gean v. Hattaway, 330 F.3d 758, 765 (6th Cir. 2003) (noting it irrelevant that a complaint had "fail[ed] to categorize correctly the legal theory giving rise to the claim," where it had "alleg[ed] facts upon which relief can be granted."). Where a party seeks the nondischargability of

6

a debt, however, the failure to cite the legal premise upon which he relies is fatal. The elements needed to prove a cause of action pursuant to one of the nineteen different subsections of Section 523 vary widely from the other subsections. Although the Fourth Circuit has indicated that a complaint should be analyzed to determine whether it states a claim for relief based upon any legal theory, this rule limited to particular circumstances. See, e.g., Harrison v. U.S. Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (where plaintiff is proceeding pro se, court is especially mindful that a complaint should not be dismissed "unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.").

The circumstances of this case, however, are quite different. Where a complaint seeks nondischargeability, the fresh start policy mandates that exceptions to discharge be narrowly construed, with the plaintiff required to show that his or her "claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a)." In re Sheehan, 243 B.R. 590, 595 (D.R.I. 1999) (complaint which failed to mention a subsection of Section 523(a) or request that the debt be declared nondischargeable would not satisfy Rule 12(b)(6)) (citing Century 21 Balfour Real Estate v. Menna (In re Menna), 16 F.3d 7, 9 (1st Cir. 1994)). Here, the Complaint mentions in the title that its purpose is to "Determine Dischargeability of Debt." The Complaint further cites Section 523 as a ground for the court's jurisdiction. The Complaint, however, goes no further than these two brief and cursory indications. Livingstone's failure to cite any of the enumerated provisions of Section 523 supports the Court's conclusion that Livingstone has failed to state a claim on which relief can be granted. See In re Thomas, 2011 WL 65882, at *2 (Bankr. M.D.N.C. Jan 10, 2011) (dismissing a complaint pursuant to Rule 12(b)(6) where it did "not contain even a threadbare recital of the elements of a cause of action under section 523(a)(2)(A).").

Assuming arguendo that Livingstone's failure to cite a specific subsection of Section 523 is not fatal to the Complaint, the Court considers the sufficiency of the factual allegations themselves under the most applicable statutory provisions. See In re Munson, 2010 WL 3768017, at *2 (N.D. Ill. 2010) (considering Section 523(a)(2)(B) in its analysis of whether certain debts would be nondischargeable even though the plaintiff stated that the Complaint had been brought pursuant to Section 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6)). The Complaint alleges that DeBerry engaged in fraudulent activity and otherwise breached a fiduciary duty. Thus, the only relevant statutory provisions are subsections(a)(2) and (a)(4) of Section 523.

Under Section 523(a)(2), a claim may be found nondischargeable where a debtor has obtained money, property, or services (A) through false pretenses, false representations, or actual fraud; or (B) through a materially false statement in writing respecting the debtor's financial condition, published with an intent to deceive. Only Section 523(a)(2)(A) is implicated here. In order to sufficiently state a claim for fraud in North Carolina, a creditor must allege with particularity: (1) that defendant made a false representation or concealment of a material fact; (2) that the representation or concealment was reasonably calculated to deceive him; (3) that defendant intended to deceive him; (4) that plaintiff was deceived; and (5) that plaintiff suffered damage resulting from defendant's misrepresentations or concealment. Claggert v. Wake Forest Univ., 126 N.C. App. 602, 610 (1997) (citing Chesapeake Microfilm, Inc. v. E. Microfilm Sales & Serv. Inc., 91 N.C. App. 539 (1988)); see also In re Booker, 165 B.R. 164, 168 (Bankr. M.D.N.C. 1994). The particularity requirement can be met through "alleging time, place, and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result

of the fraudulent act or representations." Claggert, 126 N.C. App. at 610 (quoting Terry v. Terry, 302 N.C. 77, 85 (1981)).

In this case, Livingstone failed to allege with particularity the elements of an action for fraud. Although it may be inferred that DeBerry had an intent to deceive through "[t]he substitution of pages in the copies of the leases," Livingstone does not allege that it was actually deceived or relied upon the deceit, and Livingstone fails to allege that it suffered damages as a result. Rather, the Complaint merely alleges that GSH is responsible for the three years of property taxes. How? Livingstone has failed to allege that it made payments in reliance on DeBerry's alleged fraud. Instead, the Complaint only seeks the recovery of actual damages in excess of $10,000. Such allegations fall short of noting with particularity any reliance, damages, or unjust enrichment to DeBerry as a result of the alleged fraud. See In re Booker, 165 B.R. 164, 170 (Bankr. M.D.N.C. 1994) ("The final requirement of § 523(a)(2)(A) is that the creditor suffer loss as a result of the reliance.").

Alternatively, the Court could construe the Complaint to seek nondischargeability under Section 523(a)(4), which is applicable in cases of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In order to state a claim under Section 523(a)(4), Livingstone must allege that the "fiduciary relationship arose from an express trust, or by operation of state or federal law." Id. The meaning of "fiduciary" under Section 523(a)(4) is strictly construed and does not encompass the general common law definition of a relationship involving confidence, trust, and good faith. See In re Twitchell, 91 B.R. 961, 964–65 (D. Utah 1988) (citing Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934)) ("[C]ase authority recognizes that the traditional definition of "fiduciary" is not applicable in defining "fiduciary

capacity" under section 523(a)(4). The general meaning of a fiduciary—a relationship involving confidence, trust and good faith—is far too broad for the purposes of section 523(a)(4) . . . The Supreme Court favors a narrow construction of the term 'fiduciary capacity' and defines the term as meaning arising from an express or technical trust."). Livingstone failed to allege any facts that would imply that a fiduciary relationship existed between Livingstone and DeBerry. Instead, the allegations in the Complaint suggest only that the parties engaged in an arms length transaction involving the lease of real property.

A debt may be nondischargeable for embezzlement under Section 523(a)(4) without the existence of a fiduciary relationship. Under federal law, embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991) (quoting Moore v. U.S., 160 U.S. 268, 269 (1885)). Certainly nothing in the complaint suggests that DeBerry is guilty of embezzlement or larceny. Livingstone's failure to adequately establish the elements of fraud, embezzlement, or larceny are fatal, and the Complaint fails to state a claim under Section 523(a)(4) on which relief may be granted.

## II. THE COURT LACKS AUTHORITY TO EXTEND THE TIME TO AMEND THE COMPLAINT

Having found the pleadings in the Complaint insufficient to withstand dismissal for failure to state a claim, the inquiry becomes whether Livingstone may amend the complaint to cure the defects. In a Chapter 7 case, a complaint objecting to the dischargeability of debts under Section 523(c)[2] must be filed within sixty days of the first day set for the meeting of creditors under Section

---

[2]Section 523(c) provides that a debtor is discharged from all debts specified in Section 523(a)(2), (4), and (6) <u>unless</u> the creditor to whom the debt is owed <u>requests</u> that the court hold such debt to be nondischargeable. 11 U.S.C. § 523(c)(1) (emphasis added).

341(a). FED. R. BANKR. P. 4007(c). Upon the filing of a motion, and after a hearing or the opportunity for one, a court may extend the time to file a complaint objecting to the dischargeability of a debt. Id. However, the motion to extend time must be filed before the sixty day period expires. Id. Although Livingstone timely filed the Complaint, it failed to state a claim under any subsection of Section 523.

Since the period for objecting to the dischargeability of a debt has expired, the question of whether Livingstone may amend its deficient complaint begins with Fed. R. Bankr. P. 9006. Under Rule 9006(b)(1), with the exceptions of paragraphs (2) and (3), the general rule is that courts have discretion to provide for an enlargement of time, either sua sponte or by motion of a party after the expiration of the deadline if excusable neglect can be found. FED. R. BANK. P. 9006(b)(1). Turning to the exceptions, Rule 9006(b)(2) addresses instances in which a "court may not enlarge the time for taking action." FED. R. BANK. P. 9006(b)(2). Rule 9006(b)(3) addresses instances in which a court may provide for the enlargement of time, but only "to the extent and under the conditions stated" in certain enumerated rules, including Rule 4007(c). FED. R. BANK. P. 9006(b)(3).

Rule 4007 involves the procedures for the determination of the dischargeability of certain debts under Section 523.[3] Although nondischargeability complaints for debts that are not covered by Section 523(c) may be filed at any time, and a case can "be reopened . . . for the purposes of

---

[3] The Supreme Court held in Bowles v. Russell, 551 U.S. 205, 210-11 (2007), and Kontrick v. Ryan, 540 U.S. 443, 454 (2004), that a time period prescribed by a court-promulgated rule, such as Rule 4004(a), which sets the deadline for filing a complaint to deny a debtor's discharge, does not affect a court's subject matter jurisdiction. Although many courts have described the Rule 4007 deadline as a statute of limitations, e.g., In re Lopresti, 397 B.R. 62, 66 (Bankr. N.D. Ill. 2008) (Rule 4007 "sets forth a statute of limitations, [and] must be strictly construed."), it is not. Accordingly, this Court has the jurisdiction to consider whether Livingstone may file a new complaint or amend its original complaint.

11

filing a complaint to obtain a determination under this rule," FED. R. BANK. P. 4007(b), where a complaint seeks the nondischargeability of a debt pursuant to Section 523(a)(2), (4), and/or (6) the complaint must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." FED. R. BANK. P. 4007(c).  If the creditor wants an enlargement of time, the creditor must request an extension through a motion, which "shall be filed before the time has expired."  Id.  Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable neglect" standard.  The enlargement of time to file a complaint under Section 523(a)(2), (4), and/or (6) may be granted only to the extent stated in Bankruptcy Rule 4007(c).  Neeley v. Murchison, 815 F.2d 345, 346 (5th Cir. 1987).  In other words, the court has no discretion under the rules to permit an enlargement of time.  See Byrd v. Alton (In re Alton), 837 F.2d 457, 459 (11th Cir.1988) (Rule 4007(c) does not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint); In re Lopresti, 397 B.R. at 66-67 (bankruptcy court may not enlarge the time to file a nondischargeability complaint for any reason outside of the provisions of the bankruptcy rule governing the time period for filing a complaint to determine the dischargeability of a debt); Francis v. Eaton (In re Eaton), 327 B.R. 79, 81 (Bankr. D.N.H. 2005) (same); In re Tucker, 235 B.R. 575, 578-79 (Bankr. M.D.N.C. 1998) (creditors with notice of the bankruptcy filing are bound by the deadline contained in Rule 4007(c)); In re Maher, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985) (collecting cases and holding that provisions of Rule 4007(c) are "mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint").

Although it is clear that a new complaint by Livingstone would be time barred because it would be filed more than sixty days after the first date set for the meeting of creditors, Livingstone

filed a timely, if deficient, complaint, and the question is whether Livingstone may amend the Complaint so that it relates back to the original filing date. While time limits for filing complaint objecting to dischargeability of debt are strictly enforced, these time limits operate in conjunction with the Bankruptcy Rule regarding relation back of amendments.  As a general rule, Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015,  provides that an amendment to the original complaint relates back to the original filing date of the complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleadings."  FED. R. CIV. P. 15(c). Thus, if the original pleading adequately identifies the factual circumstances out of which the amended claim arises, the amendment will relate back.  Kelcey v. Tankers Co., 217 F.2d 541, 543 (2d Cir.1954); First Fed. Savs. Bank of Rogers, Arkansas v. Gunn (In re Gunn), 111 B.R. 291, 292 (B.A.P. 9th Cir. 1990); Gelling v. Dean (In re Dean), 11 B.R. 542, 545 (B.A.P. 9th Cir. 1981), aff'd, 687 F.2d 307 (9th Cir. 1982); The CIT Group/Factoring Mfrs. Hanover, Inc. v. Srour (In re Srour), 138 B.R. 413, 418 (Bankr. S.D.N.Y. 1992).  However, if an "amendment states an entirely new claim for relief based upon a different set of facts, [it] will not relate back." Srour, 138 B.R. at 418 (citing Holmes v. Greyhound Lines, Inc., 757 F.2d 1563, 1566 (5th Cir.1985)).

Courts have construed Rule 15 narrowly in the context of a plaintiff who seeks the non-dischargeability of a debt. See Mann v. CCR Fin. Planning, Ltd. (In re McKoy), 211 B.R. 843, 847 (E.D. Va. 1997) (Rule 7015's relation back feature in the context of the Rule 4007(c) time bar permissible in narrow circumstances, including situations where plaintiff incorrectly names a debtor in the caption or inadvertently omits to allege an additional basis for objection to discharge in the original complaint). Although courts have allowed amendments which add Section 727 or Section

13

523 causes of action after the sixty day deadline, these amendments relied only on the facts plead in the original complaint, and added no new factual allegations. See, e.g., In re Bros., 345 B.R. 406, 408-410 (Bankr. S.D. Fla. 2006). An amended complaint that "sets forth a separate set of operative facts" does not relate back under Rule 15(c). In re Khafaga, 431 B.R. 329, 334 (Bankr. E.D.N.Y. 2010) (finding an amendment insufficient to relate back to the timing of the original complaint where the different operative facts implicated different time frames and different conduct). See also In re Mango, 216 B.R. 34, 41 (B.A.P. 9th Cir. 1997) ("The majority of cases which we have reviewed which construed § 523 and § 727 complaints held that an amendment can only relate back if the new claim relies on the same facts and does not seek to insert new facts."). In this case, the original Complaint failed to sufficiently state a cause of action under Section 523. Specifically, Livingstone failed to plead with particularly "what was obtained as a result of the fraudulent act or representations" by DeBerry. Claggett, 126 N.C. App. at 610. Moreover, Livingstone failed to show that it had either been deceived or suffered damages as a result of DeBerry's alleged misrepresentations. As a result, any amendment to the original Complaint sufficient to cure such pleading deficiencies would require alleging a new set of operative facts. Under these circumstances, the Court is barred by Rules 4007(c) and 9006(b)(3) from granting Livingstone leave to amend the Complaint.

## IV. CONCLUSION

Livingstone's complaint in this action has failed to state a claim for which relief may be granted under Section 523 of the Bankruptcy Code. Pursuant to Federal Rules of Bankruptcy Procedure 9006(b)(3), 4007(c), and 7015, this Court has no authority to extend the time for

Livingstone to file a new or amended complaint. Therefore, this adversary proceeding will be dismissed.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

Livingstone to file a new or amended complaint. Therefore, this adversary proceeding will be dismissed.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.